# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **RUTH KIRBY, et al.,** | ]<br>] |
| Plaintiff(s), | ]<br>] |
| vs. | ]   CV-96-N-3359-NE<br>] |
| **WHITE, FLEMING & COMPANY, P.C., et al.,** | ]<br>]<br>] |
| Defendant(s). | ] |

**ENTERED**
JUL 23 1997

### Memorandum of Decision

Plaintiffs Ruth Kirby, Jocelyn Kirby, Rachel Ervin, Tamela Kirby-Bridgeforth, Edna L. Holley, Darlene Holley-Jones, and Roy Seay bring this action against defendants White, Fleming & Company, P.C.; Sidney R. White; Marvelene Freeman; Blanche Orr; Triana Area Medical Fund, Inc.; Clyde Foster; Alonzo Toney; Joe L. Fletcher; Talmadge Turner; Dr. Thomas Mason; Robert Rieder, Jr.; Kenneth Cooley; Dr. Jeffrey Lybarger; Erlene Parcus; Allen Antley; and various fictitious parties charging them with fraud by suppression, negligence, wantonness, and breach of contract.

This litigation represents the latest episode in a long running series of disputes that originally arose out of the pollution with DDT of the waters of a tributary of the Tennessee River in and around the town of Triana, Alabama.[1] The initial litigation, "The Consolidated DDT Litigation," resulted in a settlement which called for the creation of a corporation known as the Triana Area Medical Fund, Inc. (the "Fund"). According to the corporation's

---

[1] The original cases before Judge Robert Propst of this court included: *Charest, et al. v. Olin Corporation*, CV-83-PT-5115-NE; *Cloud, et al. v. Olin Corporation*, CV-70-PT-5128-NE; *Freeman, et al. v. Olin Corporation*, CV-80-PT-5057-NE; and *Parcus v. Olin Corporation*, CV-80-PT-5098-NE.



articles of incorporation, the Fund was to receive $5,000,000.00 in the settlement of the Consolidated DDT Litigation which was to be used "exclusively to provide, directly or indirectly, health care and monitoring to all 'Residents of the Triana Area.'" *Articles of Incorporation of the Fund*, at 1.

The Fund's by-laws provide that "[t]he property and affairs of the Foundation shall be managed and directed by a board of directors to be known as the 'Board of Trustees.' Members of the Board of Trustees shall be known as trustees." *By-Laws of the Fund*, at 3. The by-laws provide that the Board of Trustees (the "Board") "shall be comprised of ten (10) trustees." *Id.* at 4. These trustees are divided into three classifications by the by-laws delineated as follows:

> The first class shall be comprised of one person appointed by the City Council of the Town of Triana, Alabama, one person appointed by the Whitesburg Commercial Fishermen's Association and one person appointed by the then Director, Region IV of the Federal Emergency Management Agency, a United States agency;
>
> The second class shall be comprised of one person appointed by the City Council of the Town of Triana, Alabama, one person appointed by the then General Manager of the Tennessee Valley Authority, a United States agency, and one person appointed by the Parcus Association; and
>
> The third class shall be comprised of one person appointed by the City Council of the Town of Triana, Alabama, one person appointed by the then Assistant Secretary of Health of Department of Health and Human Resources, a United States agency, one person appointed by the then Regional Administrator, EPA Region IV of the United States Environmental Protection Agency, a United States agency, and one person appointed by the Honorable Robert B. Propst (or if he is no longer an active member of any Federal court, the then senior active Judge of the United States District Court for the Northern District of Alabama).

*Id.* at 4. Finally, Article VII of the By-laws provides:

> The United States District Court for the Northern District of Alabama shall maintain continuing jurisdiction over the Fund to assure that the purposes and intent of the Articles and By-laws of the Foundation are being met. The Foundation shall provide quarterly reports to the Court about its activities and the expenditure of funds.

*Id.* at 12.

The present action was originally filed in the Circuit Court of Limestone County, Alabama. The United States filed a motion to substitute itself as defendant in place of defendants Allen Antley, Jeffrey Lybarger, and Thomas Mason.[2] Judge U. W. Clemon granted the motion on January 6, 1997.

The court now has for consideration motions of the plaintiffs to vacate the order substituting the United States for defendants Antley, Lybarger, and Mason, the plaintiffs' motion to remand the action to the state court, and the motion of the United States to dismiss because of the plaintiffs' failure to comply with the administrative requirements of the Federal Torts Claims Act.

In pertinent part, Title 28 U.S.C. § 2679(d)(1) provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Although the certification received by the district court was not that of the Attorney General,

---

[2] The motion was supported by the certification by Jeffrey Axelrad, Director of the Torts Branch, Civil Division, United States Department of Justice, that "Allen Antley, Jeffrey Lybarger, and Thomas Mason . . . were acting within the scope of their employment as employees of the United States at all times alleged in the complaint." *Certification*, at 1.

3

Mr. Axelrad had the authority to make the requisite certification pursuant to 28 C.F.R. § 15.3.[3] "[T]he Attorney General's certification is prima facie evidence that the employee acted within the scope of his employment . . . ." *Flohr v. Mackovajak*, 84 F.3d 386, 390 (11th Cir. 1996). "[O]nce the federal employee has been certified as acting within the scope of his or her employment, the plaintiff has the burden of proving that the federal employee was not acting within the scope of employment." *Perry v. United States*, 936 F. Supp. 867, 873 (S.D. Ala. 1996) citing *S. J. & W. Ranch, Inc. v. Lehtinen*, 913 F.2d 1538, 1543 (11th Cir. 1990); see also *Flohr*, 84 F.3d at 390. By order of March 13, 1997, this court offered the plaintiffs an opportunity "to file such briefs and memoranda or other materials as they deem necessary" in support of their motion. However, the plaintiffs have offered no evidence to support their assertion that the individual federal defendants were acting outside the scope of their employment. The plaintiffs have not carried their burden and the substitution of the United States as defendant in this action was proper. The motion to vacate the order substituting the United States for defendants Antley, Lybarger, and Mason will be denied.

The plaintiffs, in their Motion to Remand, have stipulated:

> if the said three individual Defendants were, in fact, acting within the course and scope of his or her official duties, then Plaintiffs stipulate that they have no claim against the United States. In other words, Plaintiffs contend that Allan Antley, Jeffrey Lybarger and Thomas Mason were not acting within the scope of their employment as employees of the United States at the times alleged in the complaint. However, if Plaintiffs are in error, then Plaintiffs hereby stipulate that the United States is due to be dismissed as a party Defendant.

---

[3] That section reads: "The U.S. Attorneys are authorized to make the certifications provided for in . . . 28 U.S.C. § 2679(d) . . . with respect to civil actions or proceedings against Federal employees in their respective districts." 28 C.F.R. § 15.3. No contention has been made that Mr. Axelrad was not authorized to make the certification.

*Plaintiff's Motion to Remand*, at 2 (citations omitted). The United States does not oppose such a dismissal. *Brief of the United States in Opposition to Remand*, at 4. The action will be dismissed as against the United States.

The motion to remand will be denied. Defendant Kenneth S. Cooley is an employee of the Tennessee Valley Authority (TVA) and serves as the TVA's designated representative on the Board. *Cooley Affidavit*, at 1; *Jackson Affidavit*, at 1. Kathryn J. Jackson, Executive Vice President of the TVA's Resource Group, testified in her affidavit that Mr. Cooley's Service as TVA representative on the Board is "one of his responsibilities as a TVA employee, and within the course and scope of his TVA employment and discretionary authority." *Jackson Affidavit*, at 2. Title 28, U.S.C. § 1442(a)(1) states:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> > (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442. The TVA is an agency of the United States and Mr. Cooley, as an employee of TVA performing the duties of office, is entitled to remove the action.

Since this court has jurisdiction over the claims against Mr. Cooley, it also has supplemental jurisdiction over the plaintiffs' claims against all the defendants because the claims are "so related" as to be part of the same case or controversy. *See Mizuna, Ltd. v. Crossland Federal Savings Bank*, 90 F.3d 650 (2nd Cir. 1996); 28 U.S.C. § 1367. The motion

to remand will be denied.

An appropriate order in conformity with this opinion will be entered.

Done, this 23rd day of July, 1997.

_____
EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE